**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Joseph Tracy Hare,                                    :

               **Plaintiff**          :          **Case No.  2:07-cv-926**

   **v.**                                             :          **Judge Smith**

John E. Potter,                                        :          **Magistrate Judge Abel**

            **Defendant**          :


## ORDER

This matter is before the Court on Plaintiff's motion to reconsider (doc. 14) and Defendant's motion to dismiss or in the alternative for summary judgment (doc. 9).  For the reasons below the Court GRANTS Plaintiff's motion to reconsider and Defendant's motion for summary judgment.

## Background

On September 13, 2007, Plaintiff Joseph T. Hare filed a Complaint against Defendant John E. Potter, Postmaster General, United States Postal Service.  The Complaint alleges that Plaintiff was terminated and that this was discriminatory and without just cause.  (Doc. 3, p. 4.)  The Complaint alleges that "I, Joseph T. Hare, hereby file my complaint, as associated with Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. SEC 2000e *et seq.* Wrongful termination, race/religion, retaliation."

On November 26, 2007, Defendant moved the Court to dismiss or in the alternative for summary judgment.  (Doc. 9.)  Defendant argues that it is entitled to judgment as a matter of law.  (*Id*.)  On January 2, 2008, the Court issued an Order to Show Cause why the case should not be dismissed for want of prosecution within eleven (11) days.  (Doc. 10.)  On January 24, 2008, an order was filed dismissing Plaintiff's case for want of prosecution.  (Doc. 12.)  However, on that same date, Plaintiff filed an entry responding to the Court's Show Cause Order.  (Doc. 11.)  The entry also responds to Defendant's motion to dismiss or in the alternative for summary judgment.  (*Id*.)  Subsequently, on February 12, 2008, Plaintiff moved the Court to reconsider its order of dismissal.  (Doc. 14.)

**Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move the Court to dismiss for "failure to state a claim upon which relief can be granted."  Rule 12(d) provides that  "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."

Summary judgment is governed by Rule 56(c) of the Federal Rules of Civil Procedure which provides:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

2

"[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986) (emphasis in original); *See also Kendall v. The Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 247-248. The purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. *See Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir. 1978). In a motion for summary judgment the moving party bears the "burden of showing the absence of a genuine issue as to any material fact, and for these purposes, the [evidence submitted] must be viewed in the light most favorable to the opposing party." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970) (footnote omitted). Inferences to be drawn from the underlying facts contained in such materials must be considered in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Bell v. United States*, 355 F.3d 387, 392 (6th Cir. 2004).

If the moving party meets its burden and adequate time for discovery has been provided, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that

party's case and on which that party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party.  *Anderson*, 477 U.S. at 251 (quoting *Improvement Co. v. Munson*, 14 Wall. 442, 448 (1872)).  As is provided in Fed. R. Civ. P. 56(e)(2):

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

## Analysis

As an initial matter, the Court **GRANTS** Plaintiff Joseph T. Hare's motion to reconsider its order dismissing the case for want of prosecution.  Docket Entries 12 and 13 are **VACATED**.  The Clerk of Court is **DIRECTED** to vacate the entries.  The Court now considers Defendant's motion to dismiss or in the alternative for summary judgment and Plaintiff's response to Defendant's motion on the merits.

The Court **GRANTS** Defendant John E. Potter's motion for summary judgment.  With respect to Plaintiff's race discrimination claim, Potter's motion argues that the Supreme Court and Sixth Circuit precedents require that a plaintiff, in his *prima facie* case, must compare himself to employees similarly situated outside

4

the protected class and who received more favorable treatment.  (Doc. 9, pp. 8-9, 12.)
The motion argues that although Plaintiff identified Allen Kagy as a similarly
situated employee this cannot be the case because Hare was at a more
advanced/serious stage of discipline.  (*Id.* at 11-12.)

Defendant's motion also contends that Plaintiff cannot establish a *prima facie*
case of discrimination based on religion.  (Doc. 9, p. 14.)  The motion argues that by
Hare's own allegations in the document he appended to his Complaint, Potter
accommodated his religious beliefs.  (*Id.* at 14-15.)

Defendant's motion further contends that Hare cannot demonstrate a *prima*
*facie* case of reprisal.  (Doc. 9, p. 16.)  The motion argues that Hare's Complaint
alleges that he was terminated by the Postal Service in retaliation for disseminating
an electronic mail among Postal Service employees critical of his bosses' earlier
electronic mail giving instruction to supervisors on recording their work hours.  (*Id.*)
The motion further argues that Hare's dissemination of his electronic mail does not
fall within the activities protected by Title VII's participation clause.  Specifically,
Defendant asserts that the Complaint does not allege that Plaintiff engage in active,
consistent opposing activities that would warrant protection.  He sent one electronic
mail that complained about instructions regarding methods of timekeeping.  (*Id.* at
pp. 17-18.)  Thus, Defendant believes that he is entitled to judgment as a matter of
law.

Plaintiff did not respond to the arguments above sufficiently so that the Court must deny Defendant's motion for summary judgment pursuant to Rule 56.  *See* Fed. R. Civ. P. 56(c) and (e)(2); *Celotex*, 477 U.S. at 322.  In fact, Hare's response is essentially a literal restatement of Potter's motion for summary judgment and a plea to the Court for appointment of counsel.  (See docs. 11 and 14.)  He does not offer any facts that–if proved–would demonstrate that Defendants terminated his employment in reprisal for him having criticized his boss.  The Court cannot deny Potter's motion for judgment as a matter of law.

Accordingly, the Court **GRANTS** Plaintiff Joseph T. Hare's motion to reconsider (doc. 14) its order dismissing the case for want of prosecution.  Docket Entries 12 and 13 are **VACATED**.  The Clerk of Court is **DIRECTED** to vacate the entries.  The Court **GRANTS** Defendant John E. Potter's motion for summary judgment (doc. 9.)  The Clerk of Court is **DIRECTED** to enter JUDGMENT closing this case.

*/s/George C. Smith*
**GEORGE C. SMITH**
**UNITED STATES DISTRICT COURT**